**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

December 17, 2008

Ronald Davidson, Pro Se
Prison # 76A1166
Shawangunk Corr. Facility
P.O. Box 700
700 Quick Road
Wallkillm NY 12589-0700

**LETTER ORDER FILED WITH THE CLERK OF THE COURT GRANTING APPLICATION FOR PRO BONO COUNSEL UNDER 28 U.S.C. §1915(e)(1)**

Re:   Davidson v. Tan, et al.
       Civil Action No. 08-2679 (JAG)

Dear Mr. Davidson:

The Court has received your application for pro bono counsel pursuant to 28 U.S.C. §1915(e)(1). While civil litigants do not have a constitutional or statutory right to be represented by counsel, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). In deciding whether to request appointment of counsel, the Court must determine whether the plaintiff is "an indigent . . . with a claim of arguable merit" and is incapable of presenting his or her case." Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

If the Court believes the applicant's claims have potential merit, the Court may then consider the following six factors:

(1)   the plaintiff's ability to present his or her own case;
(2)   the complexity of the legal issues;
(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)   the amount a case is likely to turn on credibility determinations;
(5)   whether the case will require the testimony of expert witnesses; and
(6)   whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-8. This list serves merely to guide the Court's discretion. Id. at 458. The

court must also keep in mind that "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

On October 21, 2008, District Judge Greenaway Court granted your application to proceed without prepayment of fees under 28 U.S.C. §1915. The gravamen of your Complaint alleges that defendants misdiagnosed your medical condition while incarcerated at Shawangunk Correctional Facility. Accordingly, defendants' conduct allegedly amounts to medical malpractice.

Your instant Application for pro bono counsel, received in June 2008 following the transfer of your case to this district, alleges that you require assistance with litigating this case given the complexity of the legal claims, the need to retain expert medical witnesses, and your financial inability to pay for a lawyer. This Court has examined the instant Complaint, as well as your subsequent application for pro bono counsel. Consistent with the framework within which a court in this Circuit must exercise its discretion to determine whether to appoint counsel, see Parham, 126 F.3d at 457; Tabron, 6 F.3d at 156, this Court finds that appointment of counsel is appropriate under the circumstances.

As a threshold matter, this Court finds that your medical malpractice claim has arguable merit. Furthermore, the Court is satisfied that these claims are sufficiently complex, necessitating the retention of medical experts. These factors weigh in favor of appointment of counsel.

Accordingly, plaintiff's application for appointment of pro bono counsel is hereby **GRANTED**. In light of the Court's ruling, all discovery and motion practice is stayed, pending the appointment of pro bono counsel.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Orig:  Clerk
cc:    Hon. Joseph A. Greenaway, Jr., U.S.D.J.
       All Parties
       File