<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD DAVIDSON, | |
| Plaintiff, | Civil Action No. 08-2679 (SRC) |
| v. | |
| | **OPINION** |
| J. TAN, M.D. et al., | |
| Defendants. | |

<u>**CHESLER**</u>, <u>**U.S.D.J.**</u>

This matter comes before the Court on two motions: 1) the motion for Rule 60(b)(6) relief by *pro se* Plaintiff Ronald Davidson; and 2) the motion to dismiss for failure to comply with the New Jersey affidavit of merit statute by Defendants J. Tan, M.D., James Weisberger, M.D., and GenPath Inc. (collectively, "Defendants"). For the reasons stated below, Plaintiff's motion will be denied, and Defendants' motion will be granted.

On December 30, 2010, this Court denied without prejudice Defendants' previous motion to dismiss the Complaint, affirmed the Magistrate Judge's denial of appointment of counsel, and Ordered Plaintiff to serve an affidavit of merit on Defendants within 60 days. On February 14, 2011, Plaintiff filed an affidavit from himself, which he titled, "Affidavit of Merit." Plaintiff also filed a motion seeking relief, pursuant to Federal Rule of Civil Procedure 60(b)(6), from the Order affirming the Magistrate Judge's denial of appointment of counsel. Defendants opposed Plaintiff's motion, and cross-moved to dismiss the Complaint for failure to comply with the New Jersey affidavit of merit statute.

While Plaintiff has cited the authority of Rule 60(b)(6) in making his motion, he appears

to be seeking reconsideration of the Order of December 30, 2010. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>    (6) any other reason that justifies relief.

Under Third Circuit law, "[r]elief under Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." Reform Party v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (citation omitted). Plaintiff has here made no showing of extraordinary circumstances justifying extraordinary relief.

Plaintiff expressly asks for reconsideration of the decision denying him new counsel. This Court will consider this motion under the law applicable to motions for reconsideration. "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i). Plaintiff has made no showing that any of the requirements for reconsideration have been met. The motion for reconsideration will be denied.

Furthermore, the history of this litigation supports the decision to deny Plaintiff new counsel. On December 17, 2008, the Court granted Plaintiff's application for *pro bono* counsel; on October 26, 2009, *pro bono* attorney Robert Spitzer entered an appearance for Plaintiff. On March 24, 2010, Spitzer moved for leave to withdraw as counsel for Plaintiff. In the declaration supporting the motion, Spitzer stated that he had consulted with two potential expert witnesses, and that, based on these consultations and review of the relevant records and law, he believed

Plaintiff's claims were baseless. (Spitzer Dec. ¶¶ 11-12.) The Court granted the motion to withdraw as counsel. Plaintiff moved for the appointment of new counsel, and the motion was denied.

The record before the Court suggests that the decision to deny appointment of new *pro bono* counsel was correct. The Third Circuit has held: "If it appears that an indigent plaintiff with a claim *of arguable merit* is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993) (italics added). The problem for Plaintiff is that it appears that his case lacks arguable merit. His *pro bono* attorney arrived at this conclusion, and Plaintiff himself has failed to make the showing of arguable merit required by New Jersey law. As a result, Magistrate Judge Arleo was correct to deny his request for appointment of new counsel. This provides an additional basis for denial of Plaintiff's request for relief from the Order affirming the Magistrate Judge's decision to deny him new *pro bono* counsel.

Defendants have cross-moved to dismiss the Complaint for failure to comply with New Jersey's affidavit of merit statute. The key relevant section of New Jersey's affidavit of merit statute states:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27. The Complaint asserts two claims of personal injury due to the

malpractice and negligence of licensed persons in their profession.  This brings this action within the scope of the affidavit of merit statute.  Defendants filed the Answer to the Complaint on January 16, 2009.  The affidavit of merit has long been overdue.  As Defendants observe, the affidavit filed by Plaintiff and titled "Affidavit of Merit" does not comply with the statutory requirements.  It is not the affidavit of an appropriate licensed person, as is required.

Plaintiff has not satisfied the requirements of N.J.S.A. § 2A:53A-27, despite having had over two years to do so.  The statute further states: "If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action."  N.J. Stat. Ann. § 2A:53A-29.  Plaintiff has failed to state a cause of action.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  In this instance, however, dismissal with prejudice is the only option available.  The statute allows only one extension of time to file the affidavit of merit, which has already been granted, and which has expired.  The statute states that, as a consequence, Plaintiff has failed to state a cause of action.  No repleading of the Complaint can remedy this.  The Complaint will be dismissed with prejudice.

                                                                        s/ Stanley R. Chesler
                                                       Stanley R. Chesler, U.S.D.J.

Dated:  August 25, 2011